Per Curiam.

The questions to be decided are whether, within the meaning of Sections 5739.01 and 5741.01, Eevised Code, “the purpose of the” taxpayer was “to use or consume” the following three categories of items “directly in the production of tangible personal property for sale by manufacturing, processing [or] refining”:
(1) The so-called “weigh bins” and the crane.
(2) The chemicals used to treat the water and the “Packard water conditioner.”
(3) The first transformer and all transmission lines prior to the second transformer.
With respect to the items in the first category, their sale or use should be excepted from taxation unless we can say that the board was unreasonable in finding that manufacturing did not begin with the mere breaking up of the large chunks of ore *286 into pieces not more than six inches in diameter. In our opinion, the board’s finding in this respect was neither unreasonable nor unlawful. See V. N. Holderman Paving Co. v. Bowers, Tax Commr., ante, 275.
As to the items in the second category, we believe their sale or use should be excepted from taxation. Union Carbide & Carbon Corp. v. Bowers, Tax Commr., 166 Ohio St., 419, 143 N. E. (2d), 710.
As to the items in the third category, we belieye that their sale or use should not be excepted from taxation. General Motors Corp. v. Bowers, Tax Commr., 164 Ohio St., 571, 132 N. E. (2d), 213.
In so holding, we recognize that it is difficult to logically differentiate the function of the first transformer with respect to electric energy from the function of the items in the second category with respect to water used for cooling. See Umon Carbide & Carbon Corp. v. Bowers, supra, at 424, 425. However, we believe it desirable to adhere to those decisions as to when manufacturing or processing begins, even though they seem to indicate a rule for treatment of cooling water that is not consistent with a rule for treatment of electric energy.
It follows that the judgment of the Court of Appeals, so far as it reverses the decision of the Board of Tax Appeals with respect to the- items in category one, must be reversed and the decision of the Board of Tax Appeals with respect to those items affirmed, and that otherwise that judgment must be affirmed.

Judgments accordingly.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.